IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS, | No. C 05-2675 SBA (PR) |
| Plaintiff, | **ORDER ADDRESSING PENDING MOTIONS AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ANITA MITCHELL, et al., | |
| Defendant. | (Docket nos. 35, 36) |

    Plaintiff Shadale Lewis Williams, a state prisoner incarcerated at Kern Valley State Prison, has filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations that occurred when he was incarcerated at Salinas Valley State Prison.

    In an Order dated September 29, 2006, the Court found that Plaintiff had stated a cognizable Eighth Amendment claim of deliberate indifference to his serious medical needs against all named Defendants. The Court dismissed Plaintiff's claims of injunctive relief. The cognizable Eighth Amendment claim was ordered served on Defendants.

    On December 11, 2006, Defendant Lee filed his Answer. On January 11, 2007, he filed a motion to dismiss.

    On March 12, 2007, the Court reissued summons on the three remaining defendants. On May 17, 2007, Defendants Mitchell, Duncan and Gist filed their Answer.

    In an Order dated June 4, 2007, the Court directed Defendants Mitchell, Duncan and Gist to advise the Court if they will be filing a joinder to Defendant Lee's Motion to Dismiss.

    On June 5, 2007, Defendants Mitchell, Duncan and Gist filed a joinder to Defendant Lee's Motion to Dismiss.

    On June 14, 2007, Plaintiff filed a document entitled "Declarative Motion in Objection to the Defendants' Motion to Dismiss and Request for Ruling." He alleges that he did not receive Defendant Lee's Motion to Dismiss filed on January 11, 2007. He also alleges that he was not aware that his opposition was due on February 26, 2007. He claims that his "confidential mail from both

this Court and the defendants were 'pre-opened' and 'impeded' [from] being [] delivered. . . ."  As of May 11, 2007, he alleges that he has not had possession of his personal or legal property, including this action's case file, and that he has had no access to the prison law library.  He states, "I have been Keyhea(ed) ('involuntary [sic] medicated') after making a complaint of 'staff brutalization' and do suffer severe side effects; moreover, the 'medical/mental' health department have both taken my 'diabetic eyeware' and misplaced them -- lost --  I am nearly blind by diagnosis."[1]  Finally, he claims that "without any form of property nor access to law library," he is "unable to make a desired response."

On June 20, 2007, Plaintiff filed another document entitled "Declarative Motion for Immediate Injunctive Relief."  He again alleges that he did not receive Defendant Lee's Answer or his Motion to Dismiss.  Plaintiff also alleges that he currently does not possess: "(a) this Court's (dated 9-29-06) briefing schedule; (b) this case's file and evidence; legal 'property' and [his] federal case 'cummulated' [sic] cites and law; [and] (c) personal property (i.e., 'diabetic eyeware' [sic]) confiscated by mental health (MHCB-CTC) on 5-11-07."[2]

---

[1] While Plaintiff claims that he is "nearly blind by diagnosis," he has not indicated to the Court that he is unable read or write without having access to his "diabetic eyeware [sic]."  Based on the fact that Plaintiff has been able to file two handwritten documents, the Court is not convinced that Plaintiff is unable to proceed in this action without his "diabetic eyeware [sic]."

[2] Plaintiff's allegations of the deprivation of his legal and personal property, including the above allegations of mail tampering, occurred while he was in prison at Kern Valley State Prison (KVSP) in Kern County, which is within the venue of the Eastern District of California.  If Plaintiff wishes to pursue these claims, he should file a new action in the Eastern District of California, as that is where the events and omissions giving rise to such claims occurred and where the appropriate defendants apparently reside.  See 28 U.S.C. § 1391.  However, the Court notes that neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

2

Plaintiff further claims that on May 21, 2007, he was discharged from "ASU MHCB-CTC"[3] and that "[he] inquired of [his] legal property and was told 'because [he] was litigious [he] would have to file a grievance to get it. . . .'"  Finally, he claims that he has "a legal right to summary judgment in this action."[4]

On June 22, 2007, Defendants filed a response to Plaintiff's "Declarative Motion for Immediate Injunctive Relief."  Defendants attach a copy of the motion to dismiss and direct the Court's attention to the proof of mail-service on Plaintiff on January 11, 2007.  Because Plaintiff has never filed an opposition to their motion to dismiss, Defendants request that the Court make a ruling on their motion to dismiss.  In the alternative, Defendants request that the Court order Plaintiff to file his opposition by August 7, 2007 because they state that they will be serving Plaintiff with another copy of the motion to dismiss.

On July 2, 2007, Defendants filed a Notice of Intent Regarding Plaintiff's Request for Injunctive Relief.  Defendants allege that on June 22, 2007, they "served Plaintiff, for the second time, with a copy of their motion to dismiss."  Defendants also state that they "do not intend to file an opposition to Plaintiff's motion requesting injunctive relief unless the Court directs them to do so."

In the Court's September 29, 2006 Order, Plaintiff was directed to file his opposition no later than forty-five days from the date Defendants' dispositive motion was filed.  (See Sept. 29, 2006 Order at 6.)  Therefore, Plaintiff's opposition to Defendant Lee's January 11, 2007 Motion to Dismiss

---

[3] Plaintiff fails to explain what "ASU MHCB-CTC" stands for; however, his attachments indicate that he had been held by KVSP's mental health department as a "crisis" patient. (Attached to Plaintiff's "Declarative Motion for Immediate Injunctive Relief" are a 602 inmate appeal form alleging "obstruction of access to court" and a "Criminal Prisoner's Complaint" filed with the Kern County District Attorney's Office stemming from an incident of alleged excessive force on Plaintiff by KVSP correctional officers on May 11, 2007.  Again, any claims that Plaintiff wishes to pursue that stem from his incarceration at KVSP should be filed under a new action in the Eastern District of California. See 28 U.S.C. § 1391.)

[4] Plaintiff's claim that he has a "legal right" to summary judgment is conclusory and made without any factual or legal basis; therefore, the Court finds that his claim for summary judgment is meritless.

3

was due on February 26, 2007.  Because Plaintiff's deadline has passed, Court will construe Plaintiff's document entitled "Declarative Motion in Objection to the Defendants' Motion to Dismiss and Request for Ruling" as well as the only remaining valid allegations in his document entitled "Declarative Motion for Immediate Injunctive Relief" -- i.e., specifically that he did not receive the motion to dismiss and that he does not have access to the case file in this action -- as Plaintiff's request for an extension of time in which to file his opposition.  Plaintiff has requested no previous extensions of time. Therefore, the Court GRANTS his request for an extension of time to file his opposition.

## **CONCLUSION**

Having read and considered Plaintiff's request and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's request for an extension of time is GRANTED. The time in which Plaintiff may file his response to Defendants' Motion to Dismiss will be extended up to and including **August 7, 2007.**

Because Plaintiff alleges that he does not have access to certain documents from the case file in this action, the Court directs the Clerk of the Court to send Plaintiff the following documents:  his original complaint and all its attachments (docket no. 1); the Court's September 29, 2006 Order (docket no. 8); Defendant Lee's Answer (docket no. 11); and Defendants Mitchell's, Duncan's and Gist's joinder to Defendant Lee's Motion to Dismiss (docket no. 30).

This Order terminates Docket nos. 35 and 36.

IT IS SO ORDERED.

DATED: 7/3/07

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.05\Williams2675.grantEOT-MTDopp.frm   4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS,

        Plaintiff,

  v.

MITCHELL et al,

        Defendant.

Case Number: CV05-02675 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shadale Lewis Williams E-11488
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216

Dated: July 5, 2007

                            Richard W. Wieking, Clerk
                            By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Williams2675.grantEOT-MTDopp.frm   5