IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS, | No. C 05-2675 SBA (pr) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ANITA MITCHELL, et al., | (Docket nos. 13, 40) |
| Defendants. / | |

Plaintiff Shadale Lewis Williams, a state prisoner incarcerated at Kern Valley State Prison (KVSP), has filed a pro se civil rights action for damages pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations that occurred while he was incarcerated at Salinas Valley State Prison (SVSP).

Defendants have filed a motion pursuant to Federal Rules of Civil Procedure 12(b) to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has filed an opposition, and Defendants have filed a reply. For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

**PROCEDURAL BACKGROUND**

On June 29, 2005, Plaintiff filed the instant civil rights complaint against the following Defendants: Anita Mitchell, M.D., Chief Medical Officer of the California Department of Corrections and Rehabilitation (CDCR); William Duncan, SVSP Warden; Charles D. Lee, M.D., SVSP Health Care Manager; and Harry Gist, SVSP Health Program Coordinator (docket no. 1). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs because they failed to provide him with proper dietary requirements and the necessary insulin injections to properly treat his diabetes. Plaintiff claims he suffered "panic attacks, shaking, disorientation, sweating, loss of consciousness, and vomiting." (Compl. at 2.) Plaintiff seeks both injunctive relief and monetary damages (including compensatory and punitive damages). (Id. at 4-5.)

In an Order dated September 29, 2006, the Court found that Plaintiff had stated a cognizable Eighth Amendment claim of deliberate indifference to his serious medical needs against all named

Defendants. The Court issued a service order and directed Defendants to file an Answer.

On December 11, 2006, Defendant Lee filed his Answer to Plaintiff's complaint (docket no. 11). On January 11, 2007, Defendant Lee filed a motion to dismiss (docket no. 13). Defendant Lee alleges that Plaintiff's complaint must be dismissed because Plaintiff has failed to timely exhaust his administrative remedies related to his claim of deliberate indifference to his serious medical needs.

On May 17, 2007, Defendants Mitchell, Duncan and Gist filed their Answer to Plaintiff's complaint (docket no. 29). On June 5, 2007, Defendants Mitchell, Duncan and Gist filed a motion to join Defendant Lee's motion to dismiss (docket no. 30). Defendants Mitchell, Duncan and Gist motion is GRANTED, and the joinder is accepted.

## FACTUAL BACKGROUND

On August 30, 2004, Plaintiff sent a letter to the Director of the CDCR requesting a special diet while he was an inmate at the California Medical Facility. (Compl., Ex. D.) At the time he sent the letter, Plaintiff had not yet transferred to SVSP. (McClain Decl., Ex. B.) Plaintiff was transferred to SVSP on October 6, 2004. (McClain Decl., Ex. B; Compl. at 3(b).)

On November 17, 2004, Defendant Mitchell, in her capacity as the CDCR's Chief Medical Officer, sent a response to Plaintiff's August, 2004 letter. (Compl., Ex. D.) Defendant Mitchell's response indicated that the "3000-calorie diet" requested by Plaintiff had already been provided to him. Id. She further stated that Plaintiff had not utilized the inmate appeals procedure when he sent his August, 2004 letter and that Plaintiff should, in the future, use the inmate appeals process pursuant to Title 15 of the California Code of Regulations to express any dissatisfaction with the medical care he was receiving. Id.

On January 19, 2005, Plaintiff filed a 602 inmate appeal, appeal number 05-00755, asserting that he had not received medical treatment for his diabetes since his transfer to SVSP on October 6, 2004. (McClain Decl., Ex. C.) Appeal number 05-00755 identified each of the Defendants named in the instant action. Id. On January 24, 2005, appeal number 05-00755 was screened-out because it was "unreadable" or was not written in ink. Id. Plaintiff resubmitted the appeal on February 15, 2005. Id. Plaintiff's appeal was bypassed at the informal level of review and proceeded directly to the first formal level of review. Id. On April 1, 2005, Plaintiff's appeal was denied at the first

1 formal level of review. (McClain Decl., Ex. C; Compl. at 2.) Plaintiff pursued his appeal to the
2 second formal level of review on April 4, 2005. (McClain Decl., Ex. C.) On June 14, 2005, the
3 appeal was denied at the second formal level of review. Id. Plaintiff received the denial on June 21,
4 2005. (Id.; Compl. at 2.) However, Plaintiff did not pursue his appeal to the third and final level of
5 review, the Director's level. (McClain Decl., Ex. C; Compl. at 2; Grannis Decl. ¶ 10, Ex. A.)
6 Plaintiff admitted in his complaint that he did not pursue his appeal to the final level of review by
7 stating "no (third) level of reexhaustion [was] sought." (Compl. at 2.)

8 During Plaintiff's incarceration at SVSP, he filed two other appeals related to medical issues,
9 appeal number 05-02052 and appeal number 05-03474. (Variz Decl. ¶ 8, Ex. A.) Appeal number
10 05-02052 was filed on April 20, 2005, and is related to Plaintiff's eyeglasses. (McClain Decl., Ex.
11 D.) Appeal number 05-03474 was filed on July 20, 2005, and although related to Plaintiff's diabetic
12 condition, appeal number 05-03474 was filed after Plaintiff filed the instant action. Furthermore,
13 appeal number 05-03474 makes no reference to Defendant Lee. (McClain Decl., Ex. E.) Thus,
14 appeal number 05-00755 is the only appeal at issue regarding Plaintiff's Eighth Amendment claim
15 against the named Defendants in the instant action.

## DISCUSSION

17 The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide
18 that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any
19 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
20 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once
21 within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now
22 mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be
23 exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and
24 effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance
25 proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner,
26 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison
27 life, whether they involve general circumstances or particular episodes, and whether they allege
28 excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA's exhaustion requirement

3

1 requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct.
2 2378, 2387 (2006).

3 Compliance with prison grievance procedures is all that is required by the PLRA to "properly
4 exhaust." Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). The level of detail necessary in a grievance
5 to comply with the grievance procedures will vary from system to system and claim to claim, but it
6 is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id.
7 at 923.

8 The State of California provides its prisoners the right to appeal administratively "any
9 departmental decision, action, condition or policy perceived by those individuals as adversely
10 affecting their welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). It also provides them the right to file
11 appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust
12 available administrative remedies within this system, a prisoner must proceed through several levels
13 of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second
14 level appeal to the institution head or designee, and (4) third level appeal to the Director of the
15 CDCR. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15,
16 § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement
17 under § 1997e(a). Id. at 1237-38.

18 Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by
19 defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).
20 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by
21 the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
22 exhaustion applies." Id. at 1120.

23 In the present case, Defendants correctly raise nonexhaustion in an unenumerated motion to
24 dismiss. Defendants argue that Plaintiff did not properly exhaust his administrative remedies prior
25 to the filing of his complaint as mandated by the PLRA § 1997e(a). Plaintiff argues that he was not
26 required to pursue appeal number 05-00755 to the Director's level of review because Defendant
27 Mitchell's response to his August, 2004 letter satisfied the exhaustion requirement. (Compl., Ex. D.)
28 He also cites Title 15 of the California Code of Regulations, section 3084.7(d)(4) in support of his

4

argument that he was not required to comply with the regular inmate appeals process. (Opp'n at 5-6.)

"The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Woodford, 126 S. Ct. at 2387. Thus, the PLRA exhaustion requirement mandates proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted).

Here, Plaintiff concedes he has not exhausted his administrative remedies because he never pursued appeal number 05-00755 to the Director's level of review. (Grannis Decl. ¶ 10; Compl. at 2.) Instead, Plaintiff filed his federal action shortly after appeal number 05-00755 was denied at the second formal level of review, which does not constitute proper exhaustion of his administrative remedies. See Woodford, 126 S. Ct. at 2382. The Court finds unpersuasive Plaintiff's claims that he should be excused from complying with the PLRA's exhaustion requirement. First, the Court finds that Defendant Mitchell's response to the August, 2004 letter does not satisfy the exhaustion requirement. See id. (The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."). The record shows that the August, 2004 letter was related to the conditions of Plaintiff's confinement at the California Medical Facility, and not to the conditions of his confinement at SVSP. (Variz Decl. ¶ 8, Ex. A; McClain Decl., Exs. C, D, E.) Furthermore, appeal number 05-00755 was filed on January 19, 2005, nearly five months after he filed the letter. (McClain Decl., Ex. C.) The issues raised in Plaintiff's August, 2004 letter could not have been related to Defendants' alleged failure to provide Plaintiff with medical treatment for his diabetes, which is the subject of appeal number 05-00755 and the instant action. Secondly, the Court finds unavailing Plaintiff's claim that he was not required to comply with the regular inmate appeal process. Title 15 of the California Code of Regulations, section 3084.7(d)(4) is only applicable to appeals of involuntary transfers to the California Medical Facility or Atascadero State Hospital after a hearing regarding an inmate's psychiatric need for such a transfer. CAL. CODE REGS. tit. 15, § 3084.7(d)(4). Appeal number 05-00755 relates to the alleged

5

1  failure to treat his diabetic condition and not to any psychiatric issues; therefore, Plaintiff's assertion
2  that the exception in section 3084.7(d)(4) applies to his appeal is without merit.
3     Accordingly, Plaintiff's failure to exhaust his administrative remedies mandates his
4  complaint be DISMISSED WITHOUT PREJUDICE in its entirety.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (docket no. 13) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, including Plaintiff's discovery motion (docket no. 40),[1] and close the file.

This Order terminates Docket nos. 13 and 40.

IT IS SO ORDERED.

DATED: 9/4/07

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] On July 27, 2007, Plaintiff filed a discovery motion requesting the Court to issue an order requiring Defendants to produce appeal number 05-00755. The Court notes that appeal number 05-00755 was already provided to Plaintiff as an exhibit in support of Defendants' motion to dismiss. Furthermore, it is accessible to Plaintiff because it is included in his central file at KVSP. Therefore, the Court DENIES Plaintiff's discovery motion (docket no. 40).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS,

        Plaintiff,

  v.

MITCHELL et al,

        Defendant.

Case Number: CV05-02675 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 5, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shadale Lewis Williams E-11488
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216

Dated: September 5, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Williams2675.dismiss.wpd        7